UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DKH RETAIL LIMITED,

*Plaintiff*

v.

2814218764, 9ZY7MW1N, ASDFAG34534WGSERVZ, BEAUTIFUL2015, BELLWICK, BLYTTLTNV, BRUC, CHAINNN, CHENQIONGZHI, CHENWENYAN2343, CUILIANF STORE, DANERBE BATTERY, DDQQAAKOF, DESKLOCFR, DFGRC5SHOP, DIAOPANQIDUO, DJDKAJSHDAJFVV, DONGMEI GIFTBAGS, DQWDQWD54498, EEDIYRY SCHOOLBAGS, EINWATKINS2000, ETEGWG5, EXTRASD, FEILDY SHIRTS, FENGYUHUA4523, FUS2803SHOP, FUYIXINNH, FUZEXUAN, GBCAKSDHAIZ, GLENSANCHEZ, GUAIENEUAN, HANSOME MASK, HAOZHISHIYUNG, HAWEIHA, HHG, HONGMZHSD, HTRHYT, HUANGHEIHEI, J_X1A5BK, JIASENQIONGEN, JPZDV25SHOP, JU11909SHOP, JULIUSANDREWUCUNK, KACEY TANG78, KVAPGMML, LINRONGXIANG, LITAOCAO BAGS, LMT65546, LUQIMZC, MEDAYOUGER CLOTHES, MIAOMIAO5200, MORROWSTAR, MUZIMEIYU SHIPIN, MYLASHOPING, NDCSDFSSDC, NJHUIJII, OSKTU64SHOP, OXHUYE, PANQIJINGLJ, SHIMINGXUAN, SUYONGXINGDWG, TAOHAIBINGK, THE LIBERAL TRIDE COMMERTIALE, TIANYUXINSHOP, VANERYENEY BAGS, WANGBAOHUA, WANGLEI8570, WANGSHUAI66058, WANGWEN4707, WANGXSHOP, WANQXHAY, WEFGBNKL, WEIBAOHUAD, WEIDUOZHI, WENJIUFAYI, WUZHANGYAN4872, XIAOYU ZHANG, XIASHANBING7374, XIEMEN QUEENSTORE MALELANI, XIONGYONGHONG, XUSHAOJIE0805, XUTINGTINGSHOP, YAJIEZHUIWWG, YDOZW7SHOP, YULONGFEI55085, ZAAAZRSHOP, ZENGZHEYUW, ZHOUNANJUN2328, ZOUMINFHAY and ZQAN81SHOP,

*Defendants*

22-cv-7848 (JMF)

PRELIMINARY
INJUNCTION ORDER

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or DKH** | DKH Retail Limited |
| **Defendants** | 2814218764, 9zy7mw1n, asdfag34534wgservz, beautiful2015, Bellwick, blyttltnv, Bruc, Chainnn, chenqiongzhi, chenwenyan2343, Cuilianf Store, Danerbe battery, ddqqaakof, desklocfr, dfgrc5shop, diaopanqiduo, djdkajshdajfvv, Dongmei giftbags, dqwdqwd54498, Eediyry schoolbags, einwatkins2000, etegwg5, extrasd, Feildy Shirts, Fengyuhua4523, fus2803shop, FuyixinnH, Fuzexuan, gbcaksdhaiz, couwe, guaieneuan, Hansome Mask, haozhishiyung, haweiha, HHG, hongmzhsd, htrhyt, huangheihei, j_x1a5bk, jiasenqiongen, jpzdv25shop, ju11909shop, , Kacey Tang78, kvapgmml, Linrongxiang, Litaocao Bags, lmt65546, luqimzc, Medayouger clothes, miaomiao5200, morrowstar, Muzimeiyu Shipin, Mylashoping, ndcsdfssdc, njhuijii, osktu64shop, oxhuye, panqijinglj, Shimingxuan, suyongxingdwg, taohaibingk, The Liberal Tride Commertiale, Tianyuxinshop, Vaneryeney Bags, wangbaohua, wanglei8570, wangshuai66058, wangwen4707, wangxshop, wanqxhay, wefgbnkl, weibaohuad, Weiduozhi, wenjiufayi, wuzhangyan4872, Xiaoyu Zhang, xiashanbing7374, Xiemen queenstore malelani, xiongyonghong, xushaojie0805, xutingtingshop, YajiezhuiwWg, ydozw7shop, yulongfei55085, zaaazrshop, Zengzheyuw, zhounanjun2328, zouminfhay and zqan81shop |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant |

| | |
|---|---|
| | Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Sweeting Dec.** | Declaration of James Sweeting in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Superdry Products** | A successful contemporary lifestyle streetwear line of men's and women's apparel, as well as accessories, footwear and other ready-made goods |
| **Superdry Registrations** | U.S. Trademark Reg. Nos.: 3,894,403 for "SUPERDRY" for a variety of goods in Class 25; 2,977,647 for "SUPER DRY" for a variety of goods in Class 25; 6,242,008 for "SUPERDRY" for a variety of goods in Classes 9, 14, 16, 18, 20, 21, 22, 24, 25 and 28; 5,248,524 for "SUPERDRYSPORT" for a variety of goods and services in Classes 3, 5, 8, 9, 14, 18, 22, 25, 27, 28, 35, 41, 44 and 45; 5,658,768 for "SDX" for a variety of goods in Classes 12, 18, 25, 27 and 28; 5,972,892 for "SDX" for a variety of goods in Class 25; 5,730,627 for "OSAKA 6" for a variety of goods and services in Classes 3, 9, 14, 18, 21, 22, 25 and 35; 3,921,539 for "*SuperDry*" for a variety of goods in Class 25; 5,061,864 for "*SuperDry*" for a variety of goods in Class 25; 4,328,534 for "Superdry." for a variety of goods in Class 25; 4,775,556 for "Superdry." for a variety of goods in Class 25; 6,303,882 for "冒険魂" for a variety of goods and services in Classes 3, 9, 12, 14, 15, |

iv

| | |
|---|---|
| | 18, 24, 25 and 35; 4,440,426 for "[by superdry logo]" for a variety of goods in Class 25; 5,212,155 for "[Super DrySport logo]" for a variety of goods in Classes 9, 14, 18, 22, 25 and 28; 6,292,038 for "[冒險魂 SD X logo]" for a variety of goods and services in Classes 3, 4, 9, 14, 15, 18, 25, 26, 28, 32 and 35; 6,430,931 for "[DRY十人十色 logo]" for a variety of goods and services in Classes 3, 9, 14, 18, 24, 25, 26 and 35; and 6,688,813 for "[CULT STUDIOS 謙遜 logo]" for a variety of goods and services in Classes 2, 4, 9, 11, 14, 16, 18, 20, 24, 25, 26 and 35 |
| **Superdry Applications** | U.S. Trademark App. Nos.: 79/319,461 for "SUPERDRY X" for a variety of goods and services in Classes 18, 25 and 35; 79/327,231 for "SUPERDRY CODE" for a variety of goods and services in Classes 18, 25 and 35; 79/319,156 for "SUPERDRY STUDIOS" for a variety of goods and services in Classes 18, 25 and 35; 79/325,404 for "SUPERDRY ORIGINAL AND VINTAGE" for a variety of goods and services in Classes 18, 25 and 35; 79/315,067 for "[SUPERDRY O 冒険魂 barcode logo]" for a variety of goods and services in Classes 18, 25 and 35; 79/331,027 for "[C&V monogram logo]" for a variety of goods and services in |

v

|  |  |
|---|---|
|  | Classes 18, 25 and 35; and 79/329,247 for " " for a variety of goods and services in Classes 18, 25 and 35 |
| **Superdry Marks** | The marks covered by the Superdry Registrations and Superdry Applications |
| **Counterfeit Products** | Products bearing or used in connection with the Superdry Marks, and/or products in packaging and/or containing labels bearing the Superdry Marks, and/or bearing or used in connection with marks that are confusingly similar to the Superdry Marks and/or products that are identical or confusingly similar to the Superdry Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish |

WHERAS, Plaintiff having moved *ex parte* on September 14, 2022 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on September 23, 2022 ("TRO") which ordered Defendants to appear on October 7, 2022 at 10:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on October 3, 2022, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application on each and every Defendant, except for Defendants GlenSanchez and JuliusAndrewuCuNk;

WHEREAS, on October 7, 2022 at 10:00 a.m., Plaintiff appeared at the Show Cause Hearing, but no Defendants (hereinafter defined to mean all Defendants *other than* GlenSanchez and JuliusAndrewuCuNk) appeared.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place as to all Defendants through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. manufacturing, importing, exporting, advertising, marketing, promoting,

    distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Superdry Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Superdry Marks;

ii. directly or indirectly infringing in any manner Plaintiff's Superdry Marks;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Superdry Marks to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's Superdry Marks and/or any other marks that are confusingly similar to the Superdry Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any

computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records,

documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

   iii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above and through I(c)(i) below.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts insofar as they are connected to the Counterfeit Products;

   ii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for

Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, including, but not limited to, and records relating to:

      i. account numbers;

      ii. current account balances;

      iii. any and all identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to

      names, addresses and contact information;

  iv.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

  v.  any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

  vi.  any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days after receiving notice of this Order, the Third Party Service Providers who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

  i.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph

    V(C) of the TRO;

  ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

  iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

  iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Superdry Marks that are confusingly similar to, identical to and constitute an infringement of the Superdry Marks.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

 a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through

ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses as identified by ContextLogic pursuant to Paragraph V(C) of the TRO or may otherwise be determined.

5. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

   a. delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b. delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where ContextLogic, via ContextLogic's DMCA Agent, will be able to download a PDF copy of this Order via electronic mail at elisa@wish.com and brand-protection@wish.com and to ContextLogic's counsel, Dwight Lueck, at Dwight.Lueck@btlaw.com;

   c. delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at subpoenas@payoneer.com; and

   d. delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department at legal-int@pingpongx.com.

6. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

7. The $25,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

10. Plaintiff shall, no later than **sixty days from the date of this order**, file a status update, which shall include any proposal regarding default judgment proceedings.

11. The Clerk of Court is directed to terminate ECF No. 10.

**SO ORDERED.**

SIGNED this 7th day of October, 2022, at 10:22 a.m.
New York, New York

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE