UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DKH RETAIL LIMITED,<br><br>*Plaintiff*<br><br>v.<br><br>2814218764, 9ZY7MW1N, ASDFAG34534WGSERVZ, BEAUTIFUL2015, BELLWICK, BLYTTLTNV, BRUC, CHAINNN, CHENQIONGZHI, CHENWENYAN2343, CUILIANF STORE, DANERBE BATTERY, DDQQAAKOF, DESKLOCFR, DFGRC5SHOP, DIAOPANQIDUO, DJDKAJSHDAJFVV, DONGMEI GIFTBAGS, DQWDQWD54498, EEDIYRY SCHOOLBAGS, EINWATKINS2000, ETEGWG5, EXTRASD, FEILDY SHIRTS, FENGYUHUA4523, FUS2803SHOP, FUYIXINNH, FUZEXUAN, GBCAKSDHAIZ, GLENSANCHEZ, GUAIENEUAN, HANSOME MASK, HAOZHISHIYUNG, HAWEIHA, HHG, HONGMZHSD, HTRHYT, HUANGHEIHEI, J_X1A5BK, JIASENQIONGEN, JPZDV25SHOP, JU11909SHOP, JULIUSANDREWUCUNK, KACEY TANG78, KVAPGMML, LINRONGXIANG, LITAOCAO BAGS, LMT65546, LUQIMZC, MEDAYOUGER CLOTHES, MIAOMIAO5200, MORROWSTAR, MUZIMEIYU SHIPIN, MYLASHOPING, NDCSDFSSDC, NJHUIJII, OSKTU64SHOP, OXHUYE, PANQIJINGLJ, SHIMINGXUAN, SUYONGXINGDWG, TAOHAIBINGK, THE LIBERAL TRIDE COMMERTIALE, TIANYUXINSHOP, VANERYENEY BAGS, WANGBAOHUA, WANGLEI8570, WANGSHUAI66058, WANGWEN4707, WANGXSHOP, WANQXHAY, WEFGBNKL, WEIBAOHUAD, WEIDUOZHI, WENJIUFAYI, WUZHANGYAN4872, XIAOYU ZHANG, XIASHANBING7374, XIEMEN QUEENSTORE MALELANI, XIONGYONGHONG, XUSHAOJIE0805, XUTINGTINGSHOP, YAJIEZHUIWWG, YDOZW7SHOP, YULONGFEI55085, ZAAAZRSHOP, ZENGZHEYUW, ZHOUNANJUN2328, ZOUMINFHAY and ZQAN81SHOP,<br><br>*Defendants* | CIVIL ACTION No.<br>22-cv-7848 (JMF)<br><br>FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER |

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or DKH** | DKH Retail Limited | N/A |
| **Defendants** | 2814218764, 9zy7mw1n, asdfag34534wgservz, beautiful2015, Bellwick, blyttltnv, Bruc, Chainnn, chenqiongzhi, chenwenyan2343, Cuilianf Store, Danerbe battery, ddqqaakof, desklocfr, dfgrc5shop, diaopanqiduo, djdkajshdajfvv, Dongmei giftbags, dqwdqwd54498, Eediyry schoolbags, einwatkins2000, etegwg5, extrasd, Feildy Shirts, Fengyuhua4523, fus2803shop, FuyixinnH, Fuzexuan, gbcaksdhaiz, GlenSanchez, guaieneuan, Hansome Mask, haozhishiyung, haweiha, HHG, hongmzhsd, htrhyt, huangheihei, j_x1a5bk, jiasenqiongen, jpzdv25shop, ju11909shop, JuliusAndrewuCuNk, Kacey Tang78, kvapgmml, Linrongxiang, Litaocao Bags, lmt65546, luqimzc, Medayouger clothes, miaomiao5200, morrowstar, Muzimeiyu Shipin, Mylashoping, ndcsdfssdc, njhuijii, osktu64shop, oxhuye, panqijinglj, Shimingxuan, suyongxingdwg, taohaibingk, The Liberal Tride Commertiale, Tianyuxinshop, Vaneryeney Bags, wangbaohua, wanglei8570, wangshuai66058, wangwen4707, wangxshop, wanqxhay, wefgbnkl, weibaohuad, Weiduozhi, wenjiufayi, wuzhangyan4872, Xiaoyu Zhang, xiashanbing7374, Xiemen queenstore malelani, xiongyonghong, xushaojie0805, xutingtingshop, YajiezhuiwWg, ydozw7shop, yulongfei55085, zaaazrshop, Zengzheyuw, zhounanjun2328, zouminfhay and zqan81shop | N/A |
| **Defaulting Defendants** | 2814218764, 9zy7mw1n, asdfag34534wgservz, beautiful2015, Bellwick, blyttltnv, Bruc, Chainnn, chenqiongzhi, chenwenyan2343, Cuilianf Store, Danerbe battery, ddqqaakof, desklocfr, dfgrc5shop, diaopanqiduo, djdkajshdajfvv, Dongmei giftbags, dqwdqwd54498, Eediyry schoolbags, einwatkins2000, etegwg5, extrasd, Feildy Shirts, Fengyuhua4523, fus2803shop, FuyixinnH, Fuzexuan, gbcaksdhaiz, guaieneuan, Hansome Mask, haozhishiyung, haweiha, HHG, hongmzhsd, htrhyt, huangheihei, j_x1a5bk, jiasenqiongen, jpzdv25shop, ju11909shop, Kacey Tang78, kvapgmml, Linrongxiang, Litaocao Bags, lmt65546, luqimzc, Medayouger clothes, miaomiao5200, morrowstar, Muzimeiyu Shipin, ndcsdfssdc, njhuijii, osktu64shop, oxhuye, panqijinglj, Shimingxuan, suyongxingdwg, taohaibingk, The Liberal Tride Commertiale, Tianyuxinshop, Vaneryeney Bags, wangbaohua, wanglei8570, wangshuai66058, wangwen4707, wangxshop, wanqxhay, wefgbnkl, weibaohuad, Weiduozhi, wenjiufayi, wuzhangyan4872, Xiaoyu Zhang, xiashanbing7374, | N/A |

i

|  | Xiemen queenstore malelani, xiongyonghong, xushaojie0805, xutingtingshop, YajiezhuiwWg, ydozw7shop, yulongfei55085, zaaazrshop, Zengzheyuw, zhounanjun2328, zouminfhay and zqan81shop |  |
|---|---|---|
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on September 13, 2022 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on September 14, 2022 | Dkt. 7 |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 | N/A |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on September 14, 2022 | Dkts. 15-16 |
| **Sweeting Dec.** | Declaration of James Sweeting in Support of Plaintiff's Application | Dkt. 15 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | Dkt. 16 |
| **Superdry Products** | A successful contemporary lifestyle streetwear line of men's and women's apparel, as well as accessories, footwear and other ready-made goods | N/A |
| **Superdry Registrations** | U.S. Trademark Reg. Nos.: 3,894,403 for "SUPERDRY" for a variety of goods in Class 25; 2,977,647 for "SUPER DRY" for a variety of goods in Class 25; 6,242,008 for "SUPERDRY" for a variety of goods in Classes 9, 14, 16, 18, 20, 21, 22, 24, 25 and 28; 5,248,524 for "SUPERDRYSPORT" for a variety of goods and services in Classes 3, 5, 8, 9, 14, 18, 22, 25, 27, 28, 35, 41, 44 and 45; 5,658,768 for "SDX" for a variety of goods in Classes 12, 18, 25, 27 and 28; 5,972,892 for "SDX" for a variety of goods in Class 25; 5,730,627 for "OSAKA 6" for a variety of goods and services in Classes 3, 9, 14, 18, 21, 22, 25 and 35; 3,921,539 for "*SuperDry*" for a variety of goods in Class 25; | N/A |

| | | |
|---|---|---|
| | 5,061,864 for "![SuperDry]" for a variety of goods in Class 25; 4,328,534 for "![Superdry.]" for a variety of goods in Class 25; 4,775,556 for "![Superdry.]" for a variety of goods in Class 25; 6,303,882 for "![冒険魂]" for a variety of goods and services in Classes 3, 9, 12, 14, 15, 18, 24, 25 and 35; 4,440,426 for "![by superdry]" for a variety of goods in Class 25; 5,212,155 for "![SuperDrySport.]" for a variety of goods in Classes 9, 14, 18, 22, 25 and 28; 6,292,038 for "![冒険魂 SD X]" for a variety of goods and services in Classes 3, 4, 9, 14, 15, 18, 25, 26, 28, 32 and 35; 6,430,931 for "![DRY+人+色]" for a variety of goods and services in Classes 3, 9, 14, 18, 24, 25, 26 and 35; and 6,688,813 for "![CULT STUDIOS 謙遜]" for a variety of goods and services in Classes 2, 4, 9, 11, 14, 16, 18, 20, 24, 25, 26 and 35 | |
| **Superdry Applications** | U.S. Trademark App. Nos.: 79/319,461 for "SUPERDRY X" for a variety of goods and services in Classes 18, 25 and 35; 79/327,231 for "SUPERDRY CODE" for a variety of goods and services in Classes 18, 25 and 35; 79/319,156 for "SUPERDRY STUDIOS" for a variety of goods and services in Classes 18, 25 and 35; 79/325,404 for "SUPERDRY ORIGINAL AND VINTAGE" for a variety of goods and services in Classes 18, 25 | N/A |

| | | |
|---|---|---|
| | and 35; 79/315,067 for "[SUPERDRY logo]" for a variety of goods and services in Classes 18, 25 and 35; 79/331,027 for "[C&V logo]" for a variety of goods and services in Classes 18, 25 and 35; and 79/329,247 for "[S logo]" for a variety of goods and services in Classes 18, 25 and 35 | |
| **Superdry Marks** | The marks covered by the Superdry Registrations and Superdry Applications | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Superdry Marks, and/or products in packaging and/or containing labels bearing the Superdry Marks, and/or bearing or used in connection with marks that are confusingly similar to the Superdry Marks and/or products that are identical or confusingly similar to the Superdry Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant | N/A |

|  | Storefront(s) (whether said account is located in the U.S. or abroad) |  |
|---|---|---|
| **Financial Institutions** | ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on April 5, 2023 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Superdry Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law, Affidavit of Gabriela N. Nastasi and Affidavit of Ashly E. Sands in support of Plaintiff's Motion for Default Judgment, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.  Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

## II.  Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Seventy Five Thousand U.S. Dollars ($75,000.00) in statutory damages ("Individual Damages Award") against each of the Eighty-Seven (87)

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act for a total of Six Million Five Hundred Twenty-Five Thousand Dollars ($6,525,000.00), plus post-judgment interest.

### III.    Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Superdry Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Superdry Marks;

   B. directly or indirectly infringing in any manner any of Plaintiff's Superdry Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Superdry Marks to identify any goods or services not authorized by Plaintiff;

   D. using any of Plaintiff's Superdry Marks, or any other marks that are confusingly similar to the Superdry Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product

manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

    i. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Superdry Marks, or

bear any marks that are confusingly similar to the Superdry Marks pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third-Party Service Providers who receive actual notice of this Order, are permanently enjoined and restrained from:

   A. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) above.

### IV.  Dissolution of Rule 62(a) Stay

4) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V.  Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Twenty-Five Thousand U.S. Dollar ($25,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

5) Plaintiff shall provide an update on its service efforts through the Hague Convention on Defendant Mylashoping on July 1, 2023.

The Clerk of Court is directed to terminate ECF No. 34.

SO ORDERED.

Dated: June 12, 2023
       New York, New York

                                            JESSE M. FURMAN
                                            United States District Judge