```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
DKH RETAIL LTD,                                                      :
                                                                     :
                              Plaintiff,                             :
                                                                     :       22-CV-7848 (JMF)
               -v-                                                   :
                                                                     :       MEMORANDUM OPINION
2814218764, et al.,                                                  :           AND ORDER
                                                                     :
                              Defendants.                            :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Earlier today, the Court entered a Final Default Judgment and Permanent Injunction Order. ECF No. 43. The Court largely adopted the order proposed by Plaintiff DKH Retail Ltd. ("DKH"), with one notable exception: The Court declined to adopt DHK's proposal for a full shut-down of the Defendant storefronts. The Court will now explain its reasons for doing so.

DKH sought a default judgment and permanent injunction against the defaulting Defendants based on their infringement of DKH's Superdry trademark. *See* ECF No. 42 ("Proposed Judgment"), at 1. As part of the requested relief, DKH sought a permanent injunction preventing the defaulting Defendants from operating their user accounts and merchant storefronts, and correspondingly preventing nonparties in active concert or participation with the defaulting Defendants from aiding or abetting any violation of the shut-down order. Proposed Judgment ¶ III.3. While this avoids one of the problems identified in *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 380-81 (S.D.N.Y. 2020) — namely, enjoining nonparties without a finding that they are in active concert or participation with an enjoined party — it does not address the overbreadth of the full shut-down order. *See* May 10, 2023 Hearing Tr. 3, 9-10.

It is well-established that an injunction "should be narrowly tailored to fit specific legal violations" and "should not impose unnecessary burdens on lawful activity." *Waldman Publ'g Corp. v. Landoll, Inc.* 43 F.3d 775, 785 (2d Cir. 1994); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144 (2d Cir. 2011). DKH's proposed shut-down order does the latter — it prevents the defaulting Defendants from engaging in potentially lawful sales. *See, e.g.*, *Allstar Mktg. Grp., LLC v. AFACAI*, No. 20-CV-8406 (JPC), 2021 WL 2555636, at *4 (S.D.N.Y. June 22, 2021) (holding that a full shut-down order would prevent the defendants from selling goods "even where such sales do not run afoul of federal law"); *see also Victorinox AG v. B&F Sys., Inc.*, 709 F. App'x 44, 51-52 (2d Cir. 2017) (summary order) (holding that an injunction preventing the defendants from selling non-infringing products was overbroad).

DKH's counsel contends that a full shut-down order is warranted because the e-commerce platform through which Defendants operate, Wish, lacks any procedures to prevent the defaulting Defendants from relisting infringing products or creating new storefronts to list infringing products. ECF No. 41 ("Sands Decl."), ¶¶ 7-8; *see also* ECF No. 41-1 at 16-17 (containing a transcript from *Off-White LLC v. A445995685*, 18-CV-2099 (LGS) (Mar. 22, 2013) in which the court found that Wish's lack of ability to detect infringing products persuasive in determining that a full shut-down order was warranted). But DKH lacks evidence that the defaulting Defendants have relisted infringing products since the Court issued the preliminary injunction, which could justify a full shut-down order, as Wish took down all the Defendants' storefronts. May 10, 2023 Hearing Tr. 6.

The Court appreciates the difficulty DKH may have in policing infringing products listed on Wish, particularly given Wish's ostensibly lax enforcement. But the evidence DKH has presented is insufficient to support a full shut-down order. *See Allstar Mktg. Grp., LLC v. 158*,

No. 18-CV-4101 (GHW), 2019 WL 8509382, at *2 (S.D.N.Y. Mar. 12, 2019). The key question is not whether Wish's policies are effective, but rather whether a full shut-down order unduly burdens the defaulting Defendants' lawful activities. To that end, DKH could have provided evidence showing what percentage of each Defendants' listings were infringing products, or what proportion of Defendants' sales revenue came from infringing products. Instead, DKH provided evidence of only one infringing listing per Defendant. *See* Sands Decl. ¶ 11. DKH asserts that it is often unable to view all the infringing listings on any given storefront and that it is "highly likely" that there are additional infringing listings. *Id.* But DKH does not provide factual support for such speculation. Presumably, DKH could discover how many infringing listings and/or sales and how many total listings and/or sales each Defendant had by subpoenaing Wish. Regardless, the Court cannot rely on mere speculation to justify enjoining potentially lawful activity.

For these reasons, the Court largely adopted DKH's proposed default judgment and permanent injunction but struck the full shut-down order as overbroad.

SO ORDERED.

Dated: June 12, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge